## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **SAKARI JARVELA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No.** |
| **CRETE CARRIER CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

### I.   INTRODUCTION

This is an action alleging disability discrimination in violation of Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111 *et seq.*  Plaintiff also alleges violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C.§ 2611, *et. seq.*  Finally, plaintiff alleges retaliation under the FMLA.  Plaintiff is entitled to equitable relief as well as compensatory, liquidated and punitive damages, attorneys fees and costs.

### II.   JURISDICTION

1.   This Court has jurisdiction in accordance with 28 U.S.C. § 1331, 1343, 2201, 2202, 42 U.S.C. § 12117, and 42 U.S.C. § 12133.  Venue is proper pursuant to 28 U.S.C. § 1391.

2.      Plaintiff has fulfilled all conditions precedent to the institution of this action under Title I of the ADA.  Plaintiff timely filed his charge of discrimination within 180 days of the occurrence of the last discriminatory act.  Plaintiff also timely filed his Complaint within ninety (90) days of the receipt of a Notice of Right to Sue issued by the EEOC.   The FMLA does not require the exhaustion of administrative remedies.

## III.   <u>PARTIES</u>

3.      Plaintiff, Sakari Jarvela, is a legal resident of the United States and a legal resident of the State of Alabama.  Plaintiff is an individual with a disability as that term is defined under the ADA.  He has a physical or mental impairment which substantially limits him in the major life activities of caring for himself, concentrating, and working.  He is also regarded as having a disability and has a record of such.  Plaintiff also has a serious health condition under the FMLA and he is an employee who is eligible for benefits under that statute.

4.      Defendant, Crete Carrier Corporation, is an employer in accordance with 42 U.S.C. § 12111(5) and under the FMLA.  29 U.S.C. § 2611.  Defendant is a trucking company that transports commodities throughout the United States.  Defendant owns and operates a terminal in Marietta, Georgia.

## IV.   **FACTUAL ALLEGATIONS**

**5.**     Plaintiff was initially hired by Defendant on or about November 24, 2003 as an Over-the-Road Driver.   Plaintiff voluntarily resigned on October 29, 2007.

6.     On February 8, 2008, Plaintiff was re-hired by Defendant, again as an Over-the-Road Driver in Defendant's National Fleet.

7.     As an Over-the-Road Driver, Plaintiff was required to be on the road 14 to 21 days per month.  Over-the-Road Drivers are allowed to remain at home one day for every six days on the road.

8.     Plaintiff received his driving assignments through a computer system from Defendant's terminal in Marietta, Georgia.  Plaintiff's driving assignments required him to transport goods to and from various locations in the United States.  When off duty, Plaintiff parked his truck near his home in Birmingham, Alabama.

9.     As a Crete Carrier employee, Plaintiff performed his job duties well and without incident.   Plaintiff consistently met safety standards.   While working for Defendant, Plaintiff never received a safety citation for driving under the influence of drugs or alcohol.

10.     On or about March 17, 2010, Plaintiff voluntarily spoke with his personal physician about his difficulties with alcohol use.   Plaintiff's physician diagnosed Plaintiff with alcoholism and recommended that he undergo treatment immediately.

3

11.     Plaintiff contacted Defendant's Safety department and notified Defendant of his serious health condition and/or disability and need for a short leave of absence under the FMLA.  Plaintiff also contacted his terminal manager, Bill Hough, and informed him of his need for FMLA leave.

12.     Plaintiff began treatment on or about March 21, 2010.

13.     By letter dated April 12, 2010, Defendant notified Plaintiff that his request for FMLA leave had been approved and his approved leave was considered to have started on March 18, 2010.  Defendant approved Plaintiff for FMLA leave up to June 6, 2010.  The letter also stated that, upon return to work, Plaintiff might be required to provide a fitness for duty certification in order to be restored to his position.  Further, as a DOT certified driver, Plaintiff's fitness for duty certificate would have to include a Return to Work form provided by the Safety Department or Human Resources.

14.     On or about April 20, 2010, Plaintiff successfully completed his treatment program.  Plaintiff's treating physician released him from care and Plaintiff's treating counselor released Plaintiff to return to work without restriction.

Plaintiff called his terminal manager, Bill Hough, and informed him that he had been cleared to return to work.  Mr. Hough told Plaintiff to come to work Monday, April 26, 2010 and get his medical certification.  Mr. Hough also told Plaintiff that Mr. Hough would assign him a truck after the certification.

4

15.     Pursuant to Defendant's requirements, Plaintiff obtained a fitness for duty exam and certification.   Plaintiff was evaluated by Concentra Medical Centers in Marietta, Georgia on April 26, 2010.  Concentra physicians regularly evaluate drivers for fitness of duty certifications for Defendant.  Concerta physicians are trained to perform physicals for the Department of Transportation and in compliance with the DOT's rules and regulations.  Concentra certified that Plaintiff met required standards and was able to return to his position without restrictions for six months.  Plaintiff's medical certification specifically states that he was examined in accordance with the Federal Motor Carrier Safety Regulations and with knowledge of the driving duties required for his positions and found qualified.  Plaintiff's only restriction is wearing corrective lenses.

16.     On April 27, 2010, Plaintiff met with his terminal manager, Bill Hough, at Defendant's Marietta, Georgia terminal to discuss his return to work.   Plaintiff presented his required certifications.

17.     Despite Plaintiff's disability, Plaintiff was and is able to perform all essential functions of his previous position as an Over-the-Road driver in Defendant's National Fleet, with or without reasonable accommodations.

18.     While in Mr. Hough's office, Plaintiff spoke with Ray Coulter, Defendant's Vice President of Safety, on the phone.  Both Mr. Hough and Mr. Coulter

were aware that Plaintiff had completed treatment for alcoholism while on FMLA leave.  They were also aware that Plaintiff had been certified to return to work by Concentra.

19.    Mr. Coulter informed Plaintiff that he could not return to his former position because of the suggested follow-up care related to Plaintiff's disability and the serious health condition for which Plaintiff took FMLA leave.  Mr. Coulter told Plaintiff that Crete could not accommodate Plaintiff.  Mr. Coulter said that Plaintiff could either resign or be fired.

20.    Plaintiff explained that he was capable of doing his job with or without reasonable accommodations.  Mr. Coulter repeated that Plaintiff could either resign or be terminated.  Plaintiff asked if he could have time to think about it and Mr. Coulter responded by saying that he had ten minutes to decide.  Plaintiff protested.  Mr. Coulter said Plaintiff was fired.

21.    As a result of defendant's actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment, denial of wages, compensation, and other benefits and conditions of employment.   Additionally, Plaintiff has suffered injury, including pain, humiliation, mental anguish and suffering, and loss of enjoyment of life.

6

## V.    CAUSES OF ACTION

### COUNT I - Title I of The Americans With Disabilities Act

22.    Plaintiff realleges and incorporates by reference paragraphs 1 through 21 above with the same force and effect as if fully set out in specific detail herein below.

23.    As stated, Plaintiff is an individual with a disability under the ADA in that he has a condition which substantially limits at least one major life activities and/or he is regarded as such and/or has a record of a disability.  42 U.S.C. § 12102.

24.    Defendant is an employer in accordance with 42 U.S.C. § 12111(5).

25.    With, or without, a reasonable accommodation, Plaintiff was, and is, able to perform the essential functions of his former position as an Over-the-Road Driver in Defendant's National Fleet.  Plaintiff meets the definition of a qualified individual pursuant to 42 U.S.C. § 12111(8).

26.    Defendant has intentionally with deliberate indifference discriminated against Plaintiff and has stereotypically limited, terminated, and classified Plaintiff in a way which adversely affects his opportunities and status on the basis of his disability. 42 U.S.C. § 12112.

27.    Defendant has imposed rules and standards which are not consistent with business necessity. These rules as applied have the effect of discriminating against the Plaintiff on the basis of his disability and perpetuate discrimination of others.  42

7

U.S.C. § 12112(b)(6).

28.    Accommodating Plaintiff would not have caused undue hardship to defendant.  42 U.S.C. §§ 12112 and 12132.

29.    Defendant's termination of Plaintiff was unlawful and constitutes discrimination against a qualified individual on the basis of a disability, a perceived disability and/or a record of disability.

30.    Defendant, by its actions, has intentionally, maliciously and with reckless indifference discriminated against Plaintiff on the basis of his perceived disability and/or his record of a disability with regards to termination, employee compensation, benefits, and other terms and conditions of employment.  42 U.S.C. § 12112.

## COUNT II - The Family Medical Leave Act and Retaliation

31.    Plaintiff realleges and incorporates by reference paragraphs 1-30 above with the same force and effect as if fully set out in specific detail herein below.

32.    As stated, Plaintiff was an eligible employee in that he was person entitled to leave to care for his own serious health condition pursuant to 29 U.S.C. § 2612. Plaintiff had a serious medical condition under, *inter alia*, 29 C.F.R. § 825.119.

33.    Plaintiff was entitled to benefits under the FMLA and Defendant acknowledged such by approving Plaintiff's request for leave.  Defendant is an employer in accordance with 29 U.S.C. § 2611.

8

34.     Defendant violated the Family Medical Leave Act, 29 U.S.C. § 2614, *inter alia*, by failing or refusing to return Plaintiff to his former or an equivalent position and by interfering with Plaintiff's rights under the FMLA by not allowing him to return to work after Plaintiff was cleared to return to work.

35.     Further, defendant retaliated, coerced, oppressed,  and/or took adverse action against Plaintiff due to his need for leave under the FMLA.  29 C.F.R. § 825.220.  Plaintiff engaged in a protective activity including opposing defendant's failure to reinstate him to his former position after returning to work.  Immediately after this, defendant refused to reinstate Plaintiff and terminated him.  Defendant's actions were causally connected to Plaintiff's protected activity.

36.     As a result of defendant's actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation and other benefits and conditions of employment.  Additionally, Plaintiff has suffered injury including pain, humiliation, mental anguish and suffering, and loss of enjoyment of life.

## VI.   <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Plaintiff  respectfully prays that this Court assume jurisdiction of this action and after trial by a jury:

1.     Issue a declaratory judgment that the employment policies, practices,

procedures, conditions and customs of the defendant, including the action taken against Plaintiff by defendant, are violative of Plaintiff's rights as secured by Title I of the Americans with Disabilities Act,  42 U.S.C. § 12101*, et seq.*, and the FMLA, 29 U.S.C.§ 2611, *et. seq.*

2.     Grant Plaintiff equitable relief, reinstatement and a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant, and at the defendant's request, from continuing to violate Plaintiff's rights as well as those who are similarly situated pursuant to Title I of the Americans with Disabilities Act and the FMLA, 29 U.S.C.§ 2611, *et. seq.*

3.     Award Plaintiff damages including back pay, front pay, nominal, compensatory, punitive and liquidated damages.

4.     Award Plaintiff reasonable costs, attorney's fees and expenses.

5.     Award such other relief and benefits as the cause of justice may require.

## DEMAND FOR JURY TRIAL

**PLAINTIFF hereby demands a jury trial on all claims for which he has a right to a jury.**

*s/ Alan H. Garber*
Alan H. Garber
Georgia Bar No. 283840
Marc N. Garber
Georgia Bar No. 283847

10

THE GARBER LAW FIRM, P.C.
Suite 14, 4994 Lower Roswell Road
Marietta, GA  30068
(678) 560-6685 (telephone)
(678) 560-5067 (facsimile)
ahgarber@garberlaw.net
mngarber@garberlaw.net

**<u>DEFENDANT'S ADDRESS</u>**:
Crete Carrier Corporation c/o
National Registered Agents, Inc.
Suite 350
3675 Crestwood Parkway
Duluth, GA 30096

11